UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

## I.    INTRODUCTION AND BACKGROUND

This case arises under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 et seq. On August 14, 2012, plaintiff M.S., a minor, through her parents (collectively, "Student") initiated a due process hearing before the Office of Administrative Hearings ("OAH") against her school district, the Lake Elsinore Unified School District (the "District"). Dkt. 31, at 9. In brief, Student alleged that the District had violated the IDEA by failing to provide her a free appropriate public education ("FAPE"). Id. A hearing was held before an Administrative Law Judge ("ALJ") on February 19-21, 27-28, and March 4-5, 2013. Id. at 10. The specific issues presented to the ALJ were:

1. Did the District fail to provide Student a FAPE by failing to identify all areas of disability or suspected disability between January 25, 2011 and December 13, 2012?;
2. Did the District fail to develop IEP goals for Student between January 25, 2011 and December 13, 2012, which were not vague, measurable, and appropriate for Student?;
3. Did the District fail to offer Student a FAPE during but not limited to the 2012–2013 school year, including the 2012 extended school year (ESY), by failing to offer Student an appropriate combination of direct instructional services and classroom setting?;
4. Did the District fail to offer appropriate ESY services between January 25, 2011 and December 2012?;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

5. Is Student entitled to reimbursement for an IEE provided by Dr. Morris as well as her subsequent observations?;
6. Is Student entitled to compensatory education as a result of the District's failure to provide Student with appropriate services for the period of January 25, 2011 through December 13, 2012?

Id. at 9.  On May 22, 2013, the ALJ issued her decision in favor of the District on all issues.  Id. at 10.  Student was represented by attorney Ralph Lewis ("Lewis") during the administrative hearing.  Lewis Decl., at 2.

On August 26, 2013, Student filed an appeal in this Court seeking reversal of the ALJ's decision on some, but not all, of the issues presented at the administrative hearing.  Dkt. 31, at 1.  The Court held a hearing on January 21, 2015.  Id.  The specific issues presented to the Court for determination were: (1) Whether the District properly assessed and identified Student's suspected disabilities in behavior, anxiety, and sensory integration; (2) Whether the District provided services sufficient to allow Student to make academic progress; (3) Whether the District violated the IDEA by holding an individualized education plan ("IEP") meeting in the absence of Student's parents; (4) Whether Student is entitled to reimbursement for services provided by Dr. Robin Morris; and (5) Whether Student is entitled to compensatory education.  Id. at 1-2.

On July 24, 2015, the Court issued its ruling finding for Student on some, but not all of the issues presented to the Court and ultimately reversing the decision of the ALJ.  Id. at 23.  Specifically, the Court found: (1) The District had properly assessed and identified Student's suspected disabilities in sensory integration, but not in behavior and anxiety; (2) The District had provided services sufficient to allow Student to make academic progress; (3) The District did violate the IDEA by holding an IEP meeting in the absence of Student's parents; (4) Student was entitled to reimbursement for services provided by Dr. Morris; and (5) Student was entitled to reimbursement for her tuition at Beacon.  See generally id.  Student was represented by attorney Tania Whiteleather ("Whiteleather") during her district court appeal.  Whiteleather Decl.

On August 7, 2015, Student filed the instant motion for attorneys' fees and costs.  Dkt. 32.  On August 31, 2015, the District filed an opposition, Dkt. 38, and on September 10, 2015, Student filed a reply, Dkt. 39.  Having considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

## II. DISCUSSION

### A. Student's Request For Attorneys' Fees

Under the IDEA, 20 U.S.C. § 1415(i)(3)(B), "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." A court may award attorneys' fees if the parent (1) is a "prevailing party" and (2) seeks "reasonable attorneys' fees." Aguirre v. Los Angeles Unified School District, 461 F.3d 1114, 1117 (9th Cir.2006).[1]

Student requests $78,020.20 for work performed by her attorney, Lewis, and his secretary, as well as costs related to her administrative hearing. Lewis Decl., Ex. 1. Student also requests $52,386.25 for work performed by her attorney, Whiteleather, and her secretary, as well as costs related to the appeal before this Court. Whiteleather Decl., Ex. 7.

#### 1. Prevailing Party

"A prevailing party is one who 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.' The success must materially alter the parties' legal relationship, cannot be de minimis[,] and must be causally linked to the litigation brought." Van Duyn v. Baker Sch. Dist., 502 F.3d 811, 825 (9th Cir. 2007) (citing Parents of Student W. v. Puyallup Sch. Dist., 31 F.3d 1489, 1498 (9th Cir.1994)).

Here, Student undoubtedly obtained a significant result. The Court reversed the ALJ's finding that Student was not denied a FAPE by the District. Dkt. 31. And the

---

[1] The District contends that Student's request for attorneys' fees is premature because this case is presently on appeal. Opp'n., at 5. However, courts regularly award attorneys' fees while an appeal is pending. See Xu v. Yamanaka, 2014 WL 3840105, at *5 (N.D. Cal. Aug. 1, 2014) ("The Ninth Circuit has held that an appeal from the merits does not foreclose an award of attorneys' fees by the district court.") (citing Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

Court ordered that Student be reimbursed for both the services provided by Dr. Morris and her tuition at Beacon. Id. The District argues that Student should not be considered the prevailing party at her administrative hearing because the ALJ decided in favor of the District on all issues. Opp'n., at 7. However, while Student did not "prevail" at her administrative hearing, the Court ultimately reversed parts of that decision and found that Student was in fact denied a FAPE. Dkt. 31. The District provides no cases, and the Court has found no cases, in which a party was denied attorneys' fees under the IDEA when they were unsuccessful at the administrative hearing stage, but subsequently obtained a reversal of that decision. Moreover, as a general matter, the Ninth Circuit has held that "[i]f a plaintiff ultimately wins on a particular claim, she is entitled to all attorneys' fees reasonably expended in pursuing that claim — even though she may have suffered some adverse rulings." Cabrales v. Cnty of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991). Finally, in determining whether an award of attorneys' fees is appropriate under the IDEA, courts are instructed to assess whether a successful outcome is "causally linked to the litigation brought." Van Duyn, 502 F.3d at 825. Here, Student's partial success on appeal to this Court was "causally linked" to the work of her attorney before the ALJ. The underlying administrative hearing was the first step in Student's effort to obtain a finding that the District denied her a FAPE. And Lewis' work at the administrative hearing established the record that the Court reviewed in overturning the ALJ's decision. Accordingly, Student is entitled to attorneys' fees for at least some of the work her attorneys performed at both her administrative hearing and her district court appeal.

      Attorneys' fees awarded under the IDEA are governed by the "degree of success" standard, in which a partially prevailing party may not recover fees for unsuccessful claims, and the level of the party's success is relevant to the amount of fees to be determined. See Aguirre, 461 F.3d at 1121(applying analysis used in Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Indeed, "the most critical factor is the degree of success obtained." Id. Student presented several claims at both her administrative hearing and during her appeal. However, the Court only found in favor of Student on some of these claims. Where a party obtains only partial success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley, 461 U.S., at 436. Moreover, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Id. at 437 (citations omitted).

Here, because Student only partially prevailed she may not recover for all of the hours her attorneys worked on her case. Rather, she may only receive attorneys' fees for hours spent on claims for which the Court ruled in her favor or on which the Court overturned the ALJ.[2] However, the billing statements provided by Student indicate that her attorneys did not maintain records in a manner that permits the court to determine the amount of work performed on each of Student's distinct claims. Accordingly, based on the current record, the Court is unable to determine an appropriate award of attorneys' fees. Whiteleather and Lewis are directed to submit supplemented time sheets clearly indicating the division of their work based on the distinct claims presented to the Court and in the administrative hearing. Moreover, Whiteleather and Lewis should clearly describe the tasks for which they billed Student so that the Court can determine whether the time billed was reasonable and whether any work was duplicative. See Hensley, 461 U.S., at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary").[3]

---

[2] Specifically, Student may recover for hours spent on the following claims: (1) from Student's district court appeal: claim one (the District failed to properly assess Student's disabilities), claim three (the District violated the IDEA by holding and IEP without Student's parents), claim four (Student was entitled to reimbursement for Dr. Morris' services), and claim five (Student was entitled to reimbursement of her tuition at Beacon); (2) from Student's administrative hearing: claim one (the District failed to identify all areas in which Student was disabled), claim five (Student was entitled to reimbursement for Dr. Morris' services), and claim six (Student was entitled to compensatory education).

[3] The District raises a number of specific objections to the hours billed by Whiteleather and Lewis. Specifically, the District objects to work that was performed prior to the filing of Student's administrative complaint. Opp'n., at 13-14. The District also identifies several hours it believes correspond to work that was either unrelated to Student's case or was not performed at all. Id. at 15-16. However, the Court declines to reach the District's specific objections at this time. After Whiteleather and Lewis have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

### 2. Reasonable Hourly Rate

Under 20 USC § 1415(i)(3)(C), attorneys' fees awarded in an IDEA action "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of service furnished." In *Davis v. San Francisco,* 976 F.2d 1536, 1544 (9th Cir.1987), *vacated in part on denial of hearing,* 984 F.2d 245 (9th Cir.1993), the Court noted that attorneys' fees should be calculated with "close attention paid to the fees charged by lawyers of reasonably comparable skill, experience, and reputation."

Student submits that a reasonable hourly rate for Lewis' work during the administrative hearing is $500 per hour. Lewis Decl., Ex. 1, at 2. However, Student has not met her burden to establish that $500 per hour is a reasonable rate for Lewis' services. Lewis has represented students against school districts in administrative hearings and district courts for violations of the IDEA for over twenty years. Lewis Decl., at 2. Nonetheless, Student has identified no prior court decisions and has submitted no declarations, other than Lewis' own declaration, specifically addressing the quality of Lewis' work, his experience, or what would constitute a reasonable rate for his services. See Miller v. San Mateo-Foster City Unified Sch. Dist., 318 F. Supp. 2d 851, 865 (N.D. Cal. May 24, 2004) ("It is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that 'the requested rates are in line with those prevailing in the community' ") (citing Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987). Moreover, the Court notes that none of the declarations Student has submitted support a rate of $500 per hour for Lewis. Student has submitted only two declarations discussing appropriate rates for work in connection with an administrative hearing. Attorney's Mandy Leigh and David Grey state that they charge $375-$450 and $450 per hour, respectively, for administrative proceedings. Leigh Decl., at 2.; Grey Decl., at 2. Accordingly, the Court finds that $500 per hour is an excessive rate for Lewis' work in this case. However, in light of the limited record Student has presented, the Court is unable to determine what might constitute a reasonable award for Lewis' services in this matter. Accordingly, Lewis is directed to submit declarations and evidence of prior awards specifically addressing the reasonable hourly rate for his work.

---

supplemented their time sheets, the Court will be better able to determine whether Student may recover for the hours the District objects to.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

Student also submits that a reasonable hourly rate for Whiteleather is $500 per hour. Mot., at 6-7. Whiteleather began her legal practice in 1989 and has been representing special education students in due process hearings brought under the IDEA since 1996. Whiteleather Decl., at 2. In addition to her legal experience, Whiteleather is also a credentialed teacher in California. Id. Prior to starting law school, she worked for the Los Angeles Unified School District for several years as a department head where she supervised twenty teachers. Id. Whiteleather declares that $500 per hour is her current rate and that similarly trained and experienced attorneys in the special education field regularly charge between $350 and $675 per hour. Id. at 4-5. In support of these figures, Whiteleather has submitted declarations from five attorneys who also practice in the field of special education. However, only one of these attorneys, Timothy Adams, provides an opinion that is specific to Whiteleather's reasonable rate. Adams Decl., at 2. Adams declares that based on his knowledge of Whiteleather's work, a reasonable rate for her services would be $525 per hour. Id.

The District argues that Whiteleather's proposed rate is excessive and should be reduced to $400 per hour. Opp'n., at 21. A review of prior court decisions indicates that no court has previously awarded Whiteleather fees at a rate of $500 per hour for district court work. Rather, in Struble v. Fallbrook Union High School Dist., 2012 WL 4109157 (S.D. Cal. Sep. 18, 2012), the court determined that a reasonable rate for Whiteleather's services was $475 per hour. And in Beauchamp v. Anaheim Union High School District, Case No. 13-cv-01965-MWF (C.D. Cal. Jun 26, 2014) and C.B. v. Garden Grove Unified School District, 2012 WL 161806 (C.D. Cal. Jan. 18, 2012) courts determined that a reasonable rate for Whiteleather's services was $400 per hour.[4] Finally, in I.S. v. Charter Oak Unified School District, Case No. 05-cv-01427-DSF (C.D. Cal. Sep. 4, 2007) the court determined that a reasonable rate for Whiteleather's services was only $250 per hour.

---

[4] In her declaration, Whiteleather submits Garden Grove as a case in which the court awarded her fees at a rate of $475 per hour. Whiteleather Decl., at 4. However, while the court in Garden Grove acknowledged that, subsequent to initiating the case Whiteleather had begun charging clients at a rate of $475, the court ultimately determined that a reasonable rate for her services was $400 per hour. 2012 WL 161806, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

The Court finds that a reasonable rate for Whiteleather's services is $425 per hour. This rate is in line with the determinations of prior courts in this district regarding Whiteleather's reasonable rate and it comports with the range of rates within the community as established by Whiteleather's affidavits.

### B. Student's Request for Costs

Student requests reimbursement for the following costs included in her attorney's invoices:

- Clerical work related to her administrative hearing: $2,907.25 (20.05 hours at $145 per hour)
- Clerical work related to her district court appeal: $1,046.25 (13.95 hours at $75 per hour)
- Copying documents and evidence books for her administrative hearing: $2,424.47
- Evidence binders for her administrative hearing: $428.48
- Subpoenas in connection with her administrative hearing: $210.00
- Fees related to service of documents in her district court appeal: $140.00

Lewis Decl., Ex. 1; Whiteleather Decl., Ex. 7. Under the IDEA parties are entitled to recover costs for, among other things, printing and making copies of any materials necessarily obtained for use in the case. Torrance Unified School Dist. v. Magee, 2008 WL 4906088, at*5 (C.D. Cal. Nov. 10, 2008) (citing Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291 (2006)). Furthermore, "out-of-pocket litigation expenses that would normally be charged to a fee-paying client are reimbursable as part of the attorneys' fee, distinct from costs." Id. at *6.

The Court finds that Student may recover the $350 her attorneys spent on serving documents and issuing subpoenas. In addition, Student may recover the cost of preparing evidence books and binders to the extent she establishes that these materials were required in her administrative hearing. However, in support of her request for reimbursement, student has only submitted invoices from her attorney requesting payment for the total cost of these materials. The Court cannot determine based on these submissions whether Student is entitled to reimbursement. Accordingly, Student is directed to submit receipts and further documentation establishing that she was required to prepare these materials for her administrative hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01484-CAS(SPx) | Date | October 13, 2015 |
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

Finally, the Court disallows students request for reimbursement of clerical work. In S.L. v. Upland Unified School District., et al., Cases Nos. 12-55715, 12-56796 (9th Cir. May 7, 2015), S.L., a student who was also represented by Whiteleather, brought a motion requesting payment for clerical work performed by Whiteleather's secretary. As in this case, Whiteleather had separately billed S.L. for her secretary's work. Id., at 15. The Ninth Circuit, in denying S.L.'s request, stated that "[b]ased on the court's review of fee requests in many other appeals, separate billing of clerical work is not a prevailing practice, and clerical work is incorporated as overhead in attorney hourly rates." Id. Accordingly, Student may not recover the cost of clerical work performed by her attorneys' secretaries.

### III. CONCLUSION

In accordance with the foregoing, the Court finds that Student is entitled to an award of attorneys' fees and costs. However, the record is insufficient at this time for the Court to determine an appropriate award. Student's attorneys are directed to submit additional briefing, not to exceed ten (10) pages, in support of Student's request for attorneys' fees and costs. In addition, Student's attorneys should submit: (a) supplemented time sheets allocating billed time by the distinct claims presented in Student's case; (b) declarations and prior court awards in support of Lewis's reasonable rate; and (c) receipts and documentation supporting Student's request for the cost of evidence books and binders. Student shall file her additional briefing and the requested materials within **14 days**. The District may file a response, not to exceed ten (10) pages, **7 days** thereafter.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |