UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**  (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (Dkt. 32, filed August 7, 2015)

PLAINTIFF'S MOTION TO ALTER JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) (Dkt. 46, filed October 27, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

## I. INTRODUCTION & BACKGROUND

This case arises under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 et seq. On August 14, 2012, plaintiff M.S., a minor, through her parents, (collectively, "Student") initiated a due process hearing before the Office of Administrative Hearings ("OAH") against her school district, the Lake Elsinore Unified School District (the "District"). Dkt. 31, at 9. In brief, Student alleged that the District had violated the IDEA by failing to provide her a free appropriate public education ("FAPE"). Id. A hearing was held before an Administrative Law Judge ("ALJ") on February 19-21, 27-28, and March 4-5, 2013. Id. at 10. Plaintiff presented a number of issues during her hearing, but on May 22, 2013, the ALJ issued her decision in favor of the District on all issues. Id. at 10.

On August 26, 2013, Student filed an appeal in this Court seeking reversal of the ALJ's decision on some of the issues presented at her administrative hearing. Dkt. 31, at 1. The Court held a hearing on January 21, 2015. Id. On July 24, 2015, the Court issued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

its ruling finding for Student on some, but not all, of the issues presented to the Court and ultimately reversing the decision of the ALJ. Id. at 23.

On August 7, 2015, Student filed the instant motion for attorneys' fees and costs. Dkt. 32. On October 13, 2015, the Court issued an order determining that, while plaintiff was entitled to an award of attorneys' fees, she was not entitled to recover for all of the hours her attorneys had worked on her case. Dkt. 45. Rather, the Court determined that student could only receive attorneys' fees for hours spent on claims for which the Court ruled in her favor or on which the Court overturned the ALJ. Nonetheless, based on the billing statements provided by Student's attorneys, the Court was unable to determine the amount of work spent on each of Student's distinct claims. The Court, therefore, ordered Student's attorneys to submit "supplemented time sheets clearly indicating the division of their work based on the distinct claims presented to the Court and in the administrative hearing." Id. at 5. Moreover, the Court instructed Student's attorneys to "clearly describe the tasks for which they billed Student so that the Court can determine whether the time billed was reasonable and whether any work was duplicative." Id.

In the Court's order, it also determined that a reasonable hourly rate for Student's attorney in her district court appeal, Tania Whiteleather, was $425. However, the Court determined that Student had provided insufficient documentation for the Court to determine the reasonable hourly rate for her attorney in her administrative hearing, Ralph Lewis. Accordingly, the Court directed Lewis to submit declarations and evidence of prior court awards specifically addressing the reasonable hourly rate for his work.

Finally, the Court determined that Student was generally entitled to recover for the costs associated with her administrative hearing and district court appeal. However, the Court found that Student had submitted insufficient documentation for the Court to determine whether Student was entitled to recover one of her requested costs: the cost of preparing evidence books and binders for her administrative hearing. The Court, therefore, instructed student to submit supplemental briefing in support of these requested costs.

On October 27, 2015, plaintiff filed a supplemental brief in support of her motion for attorneys' fees and costs. Dkt. 47. Plaintiff also filed a motion requesting that, pursuant to Federal Rule of Civil Procedure 59(e), the Court amend its prior ruling that the reasonable hourly rate for plaintiff's attorney, Tania Whiteleather, was $425 per hour.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

Dkt. 46. On November 3, 2015, defendant filed its supplemental brief in opposition to plaintiff's motion for attorneys' fees and costs. Dkt. 50. On November 30, 2015, defendant filed an opposition to plaintiff's motion to amend the Court's prior ruling, Dkt. 52, and on December 7, 2015, plaintiff filed a reply, Dkt. 53. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.   ANALYSIS**

    **A.   Student's Motion to Amend the Court's Prior Ruling**

Student requests that the Court amend its earlier ruling regarding the appropriate hourly rate for her attorney, Tania Whiteleather, in light of the Ninth Circuit's recent decision in United States, Moser v. $28,000.00 in U.S. Currency, 802 F.3d 1100 (9th Cir. 2015) ("Moser"). Relief under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citations omitted). "There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citations, and alterations omitted); see also School Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Student contends that the Moser decision constitutes an "intervening change in controlling law." The Court disagrees. In Moser, the Ninth Circuit considered an appeal of an award of attorneys' fees for a claimant who prevailed in a civil forfeiture proceeding under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). Moser, 802 F.3d at 1100. The claimant requested an award of attorneys' fees at a rate of $500 per hour. Id. at 1106. He submitted five declarations in support of this rate, and the Government did not contest the market rate supported by these declarations. Id. Nonetheless, the district court determined that an appropriate hourly rate was only $300 per hour. Id. The Ninth Circuit ruled that this was an abuse of discretion. Id. First, the Ninth Circuit held that "[b]ecause the government did not contest the market fee rate supported by these declarations, the district court was required to presume that rate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

reasonable." Id. And the Ninth Circuit held that "[t]he district court . . . erred by relying on an award almost nine years old in determining the prevailing market hourly rate." Id. at 1107. Accordingly, the Ninth Circuit vacated the district court's fee award. Id. at 1109.

However, nothing in Moser constitutes an "intervening change in the law." At most, Moser is simply a further decision applying long standing precedent in this circuit regarding the award of attorneys' fees. In that regard, while Moser may clarify or provide further guidance regarding the determination of fee awards, it does not change the law in any material respect.[1]

Moreover, even having considered Moser, the Court finds that it is readily distinguishable from this case. First, unlike Moser, here the District has contested the market fee rate proposed by Student. For example, it has submitted evidence of prior court orders awarding Whiteleather fees at rates considerably lower than $500 per hour. Dkt. 38, Exs. 1-4. Accordingly, Student's proposed rate for Whiteleather's services was not entitled to a presumption of reasonableness in this case. In addition, Student contends that the Court erred when it considered prior court orders addressing services provided more than two years prior to Whiteleather's services in this case. Specifically, she contends that it was an error for the Court to consider the awards in Struble v. Fallbrook Union High School Dist., 2012 WL 4109157 (S.D. Cal. Sep. 18, 2012), which addressed services Whiteleather provided in 2009, and I.S. v. Charter Oak Unified School District, Case No. 05-cv-01427-DSF (C.D. Cal. Sep. 4, 2007), which addressed services Whiteleather provided in 2006. However, nothing in Moser suggests that a court may not consider a prior court order simply because it is more than two years old. Rather, in Moser, the Ninth Circuit held only that the district court erred in that case by relying on an award almost nine years old. Moser, 802 F.3d at 1107.

---

[1] In fact, at several points in the Moser opinion, the Ninth Circuit affirmed that the law regarding fee awards is "well established." See, e.g., Moser, 802 F.2d at 1105 ("The evidentiary burdens governing fee motions are well established."); Id. at 1106 (referring to the "*established* standard when determining a reasonable hourly rate") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

Student places particular emphasis on the fact that the Court mentioned the decision in I.S. v. Charter Oak Unified School District, in which a judge in this district determined that Whiteleather's reasonable rate was only $250 per hour. However, in this Court's prior order, it did not award Whiteleather attorneys' fees at a rate of $250 per hour, rather it awarded fees at a rate of $425 per hour. In determining that this was an appropriate rate for Whiteleather's services, the Court considered the declarations submitted by Student, which indicated that a reasonable rate for an attorney in Whiteleather's field might range from $350 to $675 per hour. And the Court considered the fact that Student had identified no prior court decision in which a court awarded Whiteleather fees at her requested rate of $500 per hour. Finally, the Court noted that in two relatively recent decisions in this district, judges had determined that a reasonable hourly rate for Whiteleather's services was $400 per hour. See Beauchamp v. Anaheim Union High School District, Case No. 13-cv-01965-MWF (C.D. Cal. Jun 26, 2014); C.B. v. Garden Grove Unified School District, 2012 WL 161806 (C.D. Cal. Jan. 18, 2012). Based on all of these factors and considerations, the Court determined that $425 per hour was a reasonable rate for Whiteleather's services in this case. In her motion, Student has submitted no new evidence which would cause the Court to reconsider its prior ruling and, as already stated, the Court does not consider the decision in Moser to constitute an "intervening change in controlling law." Accordingly, the Court DENIES Student's motion to amend the Court's prior ruling.

### B. The Reasonable Hourly Rate of Ralph Lewis

In her motion for attorneys' fees, plaintiff contended that a reasonable hourly rate for Lewis' work during her administrative hearing was $500 per hour. In the Court's prior order it found that "$500 per hour is an excessive rate for Lewis' work in this case." Dkt. 45, at 6. However, the Court was unable to determine an appropriate hourly rate for Lewis' work because plaintiff had " identified no prior court decisions and ha[d] submitted no declarations, other than Lewis' own declaration, specifically addressing the quality of Lewis' work, his experience, or what would constitute a reasonable rate for his services." Id. (citing Miller v. San Mateo-Foster City Unified Sch. Dist., 318 F. Supp. 2d 851, 865 (N.D. Cal. May 24, 2004) ("It is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that 'the requested rates are in line with those prevailing in the community' ")(citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

In her supplemental briefing student again requests that the Court award attorneys' fees for Lewis' work at a rate of $500 per hour. In support of this request, Student has submitted the declarations of both Lewis and Whiteleather, both of whom contend that $500 per hour is a reasonable rate in light of Lewis' experience. Lewis Supp. Decl. ¶ 2; Whiteleather Supp. Decl. ¶ 2. Student has also submitted the declaration of Maureen Graves, an attorney in the field of special education who states that she is familiar with Lewis' work. Graves Decl. ¶ 5. Graves states that Lewis' firm is known for litigating forcefully and achieiving excellent outcomes via settlement and hearing. Id. Graves further states that she charges a rate of $500 per hour and that Lewis' requested rate of $500 per hour is on the "low-end" given his experience, reputation, and degree of success in the field. Id. ¶ 8.

However, despite the Court's express instruction, Lewis' has failed to submit any prior court orders awarding him attorneys' fees, let alone an award at a rate of $500 per hour. Moreover, in support of her motion for attorneys' fees student submitted two declarations from attorneys addressing appropriate hourly rates for work performed during an administrative hearing. These attorneys, Mandy Leigh and David Grey, stated that they charge $375-$450 and $450 per hour, respectively, for work performed during an administrative hearing. Dkt. 32-7, Leigh Decl. ¶ 7; Dkt. 32-8, Grey Decl. ¶ 3. And both attorneys' indicated that they charge a lower hourly rate for administrative hearings than for district court appeals. Id. Accordingly, the Court finds that Student has submitted insufficient evidence to justify a rate of $500 per hour for Lewis' work during her administrative hearing. Instead, based on the evidence submitted by Student, the Court finds that an appropriate rate for Lewis' work is $350 per hour.

    **C.    Students' Claimed Attorneys' Fees**

In the Court's prior order, it determined that Student was entitled to attorneys' fees because she was the prevailing party in this case. However, the Court also determined that Student's requested fees must be reduced to reflect that she had only partially prevailed. A district court can reduce the hours requested in an attorneys' fee application in one of two ways: "First, the court may conduct an hour-by-hour analysis of the fee request, and exclude those hours for which it would be unreasonable to compensate the prevailing party. Second, when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." Moser, 802 F.3d at 1108 (citations omitted).

The Court initially attempted to utilize the first of these two methods, by conducting an "hour-by-hour" analysis of all of Student's claimed hours. However, the Court determined that, based on the time sheets submitted by Student's attorneys with her motion for attorneys' fees, it was not possible to determine the amount of work spent on Student's successful claims as opposed to her unsuccessful claims. Accordingly, the Court directed Student's attorneys to submit supplemental time sheet clearly indicating the amount of work spent on each of Student's distinct claims.

Unfortunately, Student's attorneys failed to comply with the Court's order. Rather, they have resubmitted their original time sheets with one addition: next to nearly all of the time entries Student's attorney's have indicated that those billed hours were devoted to "all" of Student's claims. These amended time sheets provide the Court with no additional guidance regarding the appropriate award of attorneys' fees in this case. The Court must therefore use the second method to reduce a requested award of attorneys' fees by making "across-the-board" percentage cuts to the final lodestar figure.

Here, Student obtained a significant result. The Court determined that the District had denied Student a FAPE and ultimately reversed the decision of the ALJ. However, the Court did not award Student all of the relief she requested. For example, at her administrative hearing, Student presented six issues and the ALJ ruled against her on all of these issues. On appeal, this Court reversed the ALJ on, at most, three of these issues. However, even within these individual issues, plaintiff did not obtain complete success. Specifically, Student appealed the ALJ's decision that the District had adequately assessed her in all areas of disability. Student asserted that the District had failed to assess her in the areas of anxiety, behavior, and sensory integration. This Court found that the District had failed to assess Student in the areas of behavior and anxiety, but had adequately assessed Student in the area of sensory integration. Likewise, in her administrative hearing Student had requested that the District reimburse her for various educational and medical expenses. The ALJ determined that Student was not entitled to be reimbursed for any of these expenses. On appeal, this Court determined that Student was entitled to reimbursement; however, the Court fashioned limited remedies that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

provided less relief than Student had initially requested.[2] Accordingly, while the Court ultimately reversed the ALJ's ruling in favor of the District, it did so to only a limited degree.

     Furthermore, given the manner in which Student's attorneys have maintained their billing records, the Court is unable to assess the reasonableness of plaintiff's claimed hours or whether any of those hours were duplicative. Time spent on work that is "excessive, redundant, or otherwise unnecessary" should generally not be compensated in an award of attorneys' fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). This failure to maintain clear and detailed billing records warrants a reduction of plaintiff's claimed hours. See id. at 436 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); see also Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992) ("[W]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application.") (citations omitted).

     The Court finds that Student's award of attorneys' fees should be reduced by 50%. Particularly given the limited degree of success Student obtained in her district court appeal, and taking into account the failure of Student's attorneys to maintain clear and detailed billing records, the Court finds that this is an appropriate reduction. Other district courts in the Ninth Circuit have imposed similar reductions in cases where a plaintiff obtained only a limited degree of success. See, e.g., L.R. v. Hollister Sch. Dist., 2014 WL 1118019, at *6 (N.D. Cal. Mar. 19, 2014) (finding that plaintiff's partial degree of success warranted a 50% reduction in attorneys' fees); J.M. v. Capistrano Unified Sch. Dist., 2011 WL 1326905, at *5 (C.D. Cal. Mar. 31, 2011) (lack of success on "most sub-issues" and on four out of five school years warranted reduction of 66.67%); S.A. v. Tulare Cnty. Office of Educ., 2009 WL 4048656, at *7 (E.D. Cal. Nov. 20, 2009) (reducing fees by 90% in light of "partial and limited success").

---

     [2] For example, in her administrative hearing, Student requested reimbursement for compensatory education for the period of January 25, 2011 through December 13, 2012. Dkt. 4. This Court ultimately awarded Student reimbursement for the much shorter period of September 16, 2012 through November 7, 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

### D. Student's Request for Costs

Student requests reimbursement for the following costs included in her attorney's invoices:

- Clerical work related to her administrative hearing: $2,907.25 (20.05 hours at $145 per hour)
- Clerical work related to her district court appeal: $1,046.25 (13.95 hours at $75 per hour)
- Copying documents and evidence books for her administrative hearing: $2,424.47
- Evidence binders for her administrative hearing: $428.48
- Subpoenas in connection with her administrative hearing: $210.00
- Fees related to service of documents in her district court appeal: $140.00

Lewis Decl., Ex. 1; Whiteleather Decl., Ex. 7.

The Court has already determined that Student may recover the $350 her attorneys spent on serving documents and issuing subpoenas. The Court has also disallowed Student's request for reimbursement of clerical work. However, the Court requested supplemental briefing regarding Student's request for reimbursement of the cost of preparing evidence books and binders for use in her administrative hearing.

In his supplemental declaration, Student's attorney Ralph Lewis explained that administrative hearings in special education cases are document intensive. Lewis Supp. Decl., at 3. Lewis declared that in preparing for Student's administrative hearing, he assembled three sets of binders each including 81 documents and approximately 1400 pages. Id. Lewis further explained that these documents are critical to the progression of a due process hearing and that most of the testimony in these hearings has to do with identifying who generated documents, what information they did and did not include, and whether the information reported in these documents was accurate, supported by sound educational theory, and in compliance with state and federal laws and regulations. Id.

Under the IDEA parties are entitled to recover costs for, among other things, printing and making copies of any materials necessarily obtained for use in the case. Torrance Unified School Dist. v. Magee, 2008 WL 4906088, at *5 (C.D. Cal. Nov. 10,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

2008) (citing <u>Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy</u>, 548 U.S. 291 (2006)). Based on Lewis' supplemental declaration, the Court is satisfied that these evidentiary books and binders were "necessarily obtained" for use in Student's administrative hearing. Accordingly, Student may recover for this cost.

## V. CONCLUSION

In accordance with the foregoing, the Court finds that Student may recover for her reasonable attorneys' fees and costs.

Regarding Student's request for attorneys' fees:

- The Court finds that plaintiff's attorney, Ralph Lewis should be reimbursed at a rate of $350 per hour. Lewis claims that he spent a total of 144.10 hours on Student's administrative hearing. The lodestar figure for Lewis' work is therefore: $50,435.
- The Court finds that Tania Whiteleather should be reimbursed at a rate of $425 per hour. Whiteleather claims that she spent a total of 102.40 hours on Student's district Court appeal. The lodestar figure for Whiteleather's work is therefore: $43,520.
- The combined lodestar figure for the work of Student's attorneys is, therefore, $93,955. The Court finds that, in light of Student's relative degree of success and in light of Student's attorneys' failure to maintain clear and detailed billing records, this figure should be reduced by 50%. Accordingly, Student's final award of attorneys' fees is: $46,977.50

Regarding Student's request for costs, the Court finds that:

- Student may recover the costs her attorneys spent on serving documents and issuing subpoenas: $350
- Student may recover the costs of preparing evidence binder and books for her administrative hearing: $2852.95

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-01484-CAS(SPx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | M.S. V. LAKE ELSINORE UNIFIED SCHOOL DISTRICT | | |

- The total amount of costs for which Student may recover is therefore: $3202.95

Accordingly, Student's total award of attorneys' fees and costs is: $50,180.45

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |